

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00039-CR

_____

JOYCE COBBINS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 276th District Court
Morris County, Texas
Trial Court No. 11,581-CR

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

A jury convicted Joyce Cobbins of theft of property valued at less than $2,500.00, with two or more prior convictions. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West Supp. 2017). After the jury found true the State's two enhancement allegations, Cobbins was sentenced to twenty years' imprisonment and was ordered to pay $400.00 in attorney fees for her court-appointed attorney. On appeal, Cobbins argues that the evidence is legally insufficient to support her conviction because the State failed to prove the value of the items stolen. Cobbins also argues that, because she was indigent, the evidence is insufficient to support the order to pay attorney fees.

We find the evidence legally sufficient for the jury to find that the stolen items had a value of less than $2,500.00. Yet, we sustain Cobbins' second point of error, delete the order to pay attorney fees from the judgment, and affirm the judgment, as modified.

*(1)     The Evidence Was Legally Sufficient for the Jury to Find that the Stolen Items Had Value*

In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). Our rigorous legal sufficiency review focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in

2

testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The "hypothetically correct" jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

A person commits theft if she "unlawfully appropriates property with intent to deprive the owner of the property." TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2017). The State's indictment alleged that Cobbins "unlawfully appropriate[d] by acquiring or otherwise exercising control over . . . packages of meat of the value of less than $2,500, from Spring Market, the owner thereof without the effective consent of the owner, and with intent to deprive the owner of the property." The offense of theft is a state jail felony if "the value of the property stolen is less than $2,500 and the defendant has been previously convicted two or more times of any grade of theft." TEX. PENAL CODE ANN. § 31.03(e)(4)(D). The State's indictment alleged, with sufficient specificity, that Cobbins had previously been convicted of two theft offenses.

Evidence at trial, including the testimony of Armodo Argular, the operations manager for Spring Market, and the video surveillance from the store, established that Cobbins grabbed meat

from the market, hid it underneath her hoodie, and walked out without paying for it. Final judgments from Cobbins' previous two theft offenses were admitted into evidence.

Cobbins does not argue that the evidence is legally insufficient to demonstrate either that she "unlawfully appropriate[d] property with intent to deprive the owner of the property," or that she had been previously convicted of two theft offenses. TEX. PENAL CODE ANN. § 31.03(a). Rather, Cobbins contends only that "there is simply no evidence at all in the record of the value of property taken in this case" and posits that, as a result, the State "failed to prove an essential element of the offense: that the property at issue was valued at less than $2500.00." We disagree.

The State was merely required to prove that the stolen meat had some value. Although the State did not introduce evidence of the price of the meat, Argular testified that Cobbins walked out of the store without paying for the merchandise. "The jury may use common sense and apply common knowledge, observation, and experience gained in the ordinary affairs of life when giving effect to the inferences that may reasonably be drawn from the evidence." *Taylor v. State*, 71 S.W.3d 792, 795 (Tex. App.—Texarkana 2002, pet. ref'd). The meat was stolen from a market, it is common knowledge that markets charge for merchandise, and Argular's testimony established that Cobbins was required, but failed, to pay for the meat. Accordingly, the jury was free to conclude that the meat had some monetary value. Finding the evidence sufficient to prove that the meat stolen was valued at less than $2,500.00, we overrule Cobbins' first point of error.

*(2)     Order to Pay Attorney Fees Must Be Deleted*

Next, Cobbins argues that the trial court erred by assessing court-appointed attorney fees against her in the amount of $400.00. Pursuant to Article 26.05(g) of the Texas Code of Criminal

4

Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees as court costs only if "the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided . . . including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2017). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

The trial court made a finding that Cobbins was indigent and appointed her an attorney for purposes of trial and on appeal. Cobbins maintains that the trial court erred in including the $400.00 attorney fee in its judgment. The State concedes the error. Appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non reversible error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments).

We modify the trial court's judgment by deleting the order to pay $400.00 in attorney fees and affirm the trial court's judgment, as modified.

Josh R. Morriss, III
Chief Justice

Date Submitted:     July 23, 2018
Date Decided:       July 24, 2018

Do Not Publish

6